**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**BRENDA TAITE**,

**Plaintiff,**

**v.** **Civ. No. 13-792 JP/RHS**

**UNIVERSITY OF NEW MEXICO;**
**UNIVERSITY OF NEW MEXICO OFFICE**
**OF EQUAL OPPORTUNITY;**
**THERESA RAMOS**, individually and in her official capacity;
**UNIVERSITY OF NEW MEXICO BOARD OF REGENTS;**
and **ROBERT G. FRANK**, President, University
of New Mexico, in his individual capacity,

**Defendants.**

**MEMORANDUM OPINION AND ORDER**
**DISMISSING COMPLAINT WITHOUT PREJUDICE**

On August 23, 2013, Plaintiff Brenda Taite ("Plaintiff"), acting *pro se,* filed a 12-count COMPLAINT (Doc. No. 1) against Defendants for alleged unlawful discriminatory conduct and employment practices. Plaintiff also filed a MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* and a MOTION FOR APPOINTMENT OF COUNSEL (Doc. Nos. 2, 3). On October 17, 2013, Magistrate Judge Robert H. Scott entered an ORDER GRANTING *IN FORMA PAUPERIS* AND ORDER TO SHOW CAUSE (Doc. No. 6) ("Order to Show Cause"), requiring Plaintiff to respond by October 31, 2013, to voluntarily dismiss enumerated claims, and to file an amended complaint.

**Background**

Under 28 U.S.C. § 1915(e), the Court "shall dismiss" a case at any time if it determines that the action is frivolous, malicious, fails to state a claim, or seeks monetary relief against a

defendant entitled to immunity. 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii). *See Trujillo v. Williams*, 465 F.3d 1210, 1217 n.5 (10th Cir. 2006) (noting that dismissals under § 1915(e)(2)(B) are mandatory). Plaintiff asserts causes of action against five Defendants under various federal statutes and state law. All counts arise from alleged discriminatory conduct by Defendant Theresa Ramos ("Ramos") while Plaintiff was an employee of the University of New Mexico Office of Equal Opportunity ("EEO") and after her termination. (Order to Show Cause at 2.)

After reviewing the Complaint in accordance with § 1915(e)(2), Judge Scott determined that Plaintiff had failed to state a claim upon which relief could be granted with respect to numerous causes of action. For example, Magistrate Judge Scott described deficiencies as to claims against Defendants Robert G. Frank ("Frank"), University of New Mexico ("UNM"), University of New Mexico Board of Regents ("Board of Regents"), and the EEO. (*Id.* at 2-9.) Judge Scott required Plaintiff to show cause why all claims, except for her "Title VII claim and tort claim against UNM for blacklisting, and her 42 U.S.C. § 1981 and § 1983 claim for discrimination and retaliation against Defendant Ramos" should not either be dismissed and deleted from an amended complaint or amended to correct the deficiencies. (*Id.* at 9-10.)

Judge Scott required a response from Plaintiff by October 31, 2013. The Order to Show Cause expressly advised Plaintiff that if she failed to voluntarily dismiss the enumerated claims and file an amended complaint, her entire Complaint could be dismissed. (*Id.* at 10.)

On October 21, 2013, Plaintiff filed a MOTION FOR LEAVE TO AMEND MOTION TO PROCEED INFORMA PAUPRIS [sic] (Doc. No. 7), apparently believing the Court had not yet ruled on her initial request to proceed *in forma pauperis*. Plaintiff's apparent belief was inaccurate. Judge Scott's Order to Show Cause granted Plaintiff's motion to proceed *in forma*

*pauperis*, although the Court conditioned *in forma pauperis* status on Plaintiff's filing a response to the Order to Show Cause. (Order to Show Cause at 9.) The Court determines that Plaintiff is entitled to proceed *in forma pauperis*, and, therefore, will deny Plaintiff's request to amend the motion to proceed *in forma pauperis* as moot.

Plaintiff filed a timely RESPONSE TO SHOW CAUSE ORDER (Doc. No. 8) ("Response"), acknowledging the Court's warning that her entire Complaint could be dismissed if she failed to show cause why she was not required to file an amended complaint having dismissed the deficient claims. However, Plaintiff did not voluntarily dismiss the enumerated claims or agree to file an amended complaint without those claims. According to Plaintiff, her Complaint satisfied plausibility requirements and pleading standards as set forth in *Bell Atlantic Corp. v. Twombly ("Twombly")*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal ("Iqbal")*, 556 U.S. 662 (2009). (Response at 2.) Plaintiff addressed the enumerated claims identified in the Order to Show Cause arguing either that the claims should proceed as plead or that she should be allowed to amend her Complaint. (*Id.* at 3-7.) Plaintiff generally contends that the claims Judge Scott identified as deficient are not subject to dismissal.

Plaintiff further states that the Order to Show Cause is premature as Defendants had not yet responded to the Complaint. The Court observes that service of process has not yet been ordered and that Defendants have not been served with the Complaint. Because the Court will allow Plaintiff to amend her Complaint, as discussed below, the Court will order service on Defendants if the amended complaint survives review under 28 U.S.C. § 1915(e).

**Analysis of Complaint**

One of the purposes of review under § 1915(e)(2)(B) is to weed out meritless claims against entities and individuals before the Court incurs the expense of serving defendants and wasting judicial resources, and before the defendants must shoulder the expense and burden of defending against a meritless suit. *See Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012) (recognizing that the purpose of § 1915(e) is to "'discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate.'") (citations omitted). Therefore, § 1915(e) contemplates the Court's review of a complaint to determine whether a plaintiff has stated a claim *before* ordering service of a complaint. Thus, the fact that Defendants have not yet been served with the Complaint or filed a responsive pleading does not mean review under § 1915(e) is "premature," as argued by Plaintiff.

Plaintiff also asserts that the Court is "obligated to hear plaintiff out fully regarding the allegations" and cannot dismiss her Complaint until that happens. (Response at 2.) The Order to Show Cause gave Plaintiff that opportunity. In addition, Plaintiff contends that the Court must give a "liberal construction" to her allegations because she proceeds *pro se*. While true, the Tenth Circuit has repeatedly cautioned that the Court cannot "supply additional factual allegations to 'round out a plaintiff's complaint or construct a legal theory' on his behalf." *Sherratt v. Utah Dep't of Corr.*, No. 13–4061, __ F. App'x __, 2013 WL 5737700, *1 (10th Cir. Oct. 23, 2013) (unpublished) (*quoting Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997)). *See Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1024 (10th Cir. 2012) ("the generous construction that we afford pro se pleadings has limits, and we must avoid becoming the plaintiff's advocate"). The Court did not hold Plaintiff to the standard of a trained

lawyer. Instead, the Court properly relied on Plaintiff's own factual statements and found many of her allegations failed to state a claim as discussed below.

**I. Claims against UNM President Robert Frank**

Magistrate Judge Scott noted that Plaintiff's Complaint "fails to allege any specific facts against Defendant Frank." (Order to Show Cause at 2.) The Magistrate Judge found that Plaintiff's Complaint merely alleges that Frank harmed her without any "factual enhancement" and directed Plaintiff to show cause why all claims against Frank should not be dismissed under *Twombly* and *Iqbal*. (*Id.* at 2-3.)

Plaintiff summarily contends that the § 1983 claims are properly brought against Frank because he has "final policymaking authority" for UNM.[1] She provides no specific allegations regarding Frank, and merely recites propositions of law. (Response at 3.) Instead, the Complaint expressly states that the "action arises out of the unlawful discriminatory actions of Theresa Ramos" (Complaint, ¶ 1), and that Ramos "subjected plaintiff to unlawful treatment based upon her race" (*id.*, ¶ 3). The Complaint further alleges that Ramos unlawfully retaliated against Plaintiff for filing an EEOC complaint (*id.*, ¶ 10); Ramos refused to give Plaintiff accommodations for her medical conditions (*id.*, ¶¶ 17, 21, 34); and Ramos violated UNM's termination policy (*id.*, ¶¶ 37, 41).

Personal participation by a defendant is necessary for individual liability under § 1983. *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993). Because "§ 1983 imposes liability for a defendant's own actions[,] personal participation in the specific constitutional violation complained of is essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011). Plaintiff does not identify, nor did the Court locate, any allegations that Plaintiff's constitutional rights

[1]Presumably, based on the Response, Plaintiff asserts only § 1983 claims against Frank.

were violated as a result UNM policies created or implemented by Frank or by Frank's own actions. The Court concludes that Plaintiff's § 1983 claims against Frank fail to state a claim for which relief can be granted.

**II. Claims against UNM, the Board of Regents, and EEO**

Magistrate Judge Scott found that Plaintiff's § 1983 claims against Defendants UNM, the Board of Regents, and the EEO "are barred by the Eleventh Amendment." (Order to Show Cause at 3.) Plaintiff primarily sets out propositions of law and argues that these claims should not be dismissed because dismissal would be premature without service on Defendants. (Response at 4.) The Court already discussed why review under § 1915(e) is proper at this stage of the litigation. The Court concludes that Plaintiff failed to state a claim for which relief can be granted with respect to § 1983 claims against UNM, the Board of Regents and the EEO.

**III. Claims under the ADEA, ADA, and FLSA**[2]

Judge Scott acknowledged that Plaintiff might satisfy one of the elements of ADEA age discrimination due to her allegations of age but concluded she did not provide sufficient allegations to satisfy the remaining required elements of age discrimination. Thus, he determined that Plaintiff failed to state a claim under the ADEA. (Order to Show Cause at 4.)

Similarly, Judge Scott found that Plaintiff's allegations might satisfy some of the *prima facie* elements of ADA discrimination but that exhibits she attached to her Complaint

---

[2]It is not entirely clear whether some of the claims are brought against all Defendants, some Defendants, or only Defendant Ramos.

demonstrate UNM provided accommodations.[3] Thus, he found that Plaintiff did not demonstrate a viable claim under the ADA.

In addition, Judge Scott observed that Plaintiff's claims under the FLSA were unclear. He recited requirements for FLSA and Equal Pay Act claims and concluded Plaintiff's allegations could not be characterized as an FLSA retaliation claim or a violation of the Equal Pay Act. Moreover, Judge Scott concluded that Plaintiff's allegations as to this cause of action were contradictory and failed to state a claim. (*Id.* at 5-6.)

Plaintiff provides no persuasive argument in her response regarding these three claims. She mainly asserts that the Court has not yet ruled on her motion for appointment of counsel and that to dismiss the claims at this stage would be premature. (Response at 4-6.) The Court will deny the motion for appointment of counsel for reasons discussed below. In addition, as explained already, § 1915(e) authorizes the Court to dismiss claims for failure to state a claim even before service of the Complaint on Defendants. The Court concludes, for essentially the same reasons mentioned in the Order to Show Cause, that Plaintiff failed to state a claim for which relief can be granted under the ADEA, the ADA, or the FLSA.

**IV. State law claims of defamation and slander[4]**

Plaintiff's Complaint alleges that Ramos told Plaintiff's prospective employer that Plaintiff does not have a Master's Degree in Education. Ramos purportedly advised a prospective employer not to hire Plaintiff. (Complaint at ¶¶ 6, 8, 64, 65.)

---

[3]The Court need not analyze dismissal under Fed. R. Civ. P. 56 summary judgment standards when it considers exhibits attached to a complaint. *See Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) ("[I]n deciding a motion to dismiss pursuant to Rule 12(b)(6), a court may look both to the complaint itself and to any documents attached as exhibits to the complaint.")

[4]Plaintiff identifies Ramos a the individual who allegedly defamed her but then refers generally to Defendants under this cause of action. (Complaint at 17.)

Judge Scott noted that the required elements of a defamation claim under New Mexico law are: a defamatory communication, published by the defendant, to a third person, of an asserted fact, of and concerning plaintiff, and proximate causation of an actual injury to the plaintiff. *Newberry v. Allied Stores, Inc.*, 108 N.M. 424, 429 (1989). *See also Smith v. Durden*, 276 P.3d 943, 950-51, 952 (2012) (New Mexico's prima facie defamation instruction requires a plaintiff to show actual injury to reputation in order to establish the defamation; mental anguish is insufficient). Magistrate Judge Scott observed that Plaintiff's Complaint indicated it was true that Plaintiff did not have a Master's of Science in Education and that despite any statement made by Ramos, the prospective employer hired Plaintiff. (Order to Show Cause at 6-7.) Judge Scott found that Plaintiff did not allege an untrue statement or an actual injury sufficient to satisfy the required elements of a defamation claim. (*Id.* at 7.)

In her response, Plaintiff apparently agrees she did not have a "Master of Science in Education," but argues the position for which she applied did not require that degree. Plaintiff asserts that Ramos intended to defame her and portray her in a negative light once Ramos learned Plaintiff was working at UNM in Gallup, New Mexico. (Response at 6.) Plaintiff's argument fails to cure the deficiencies with respect to a claim of defamation. Plaintiff did not allege facts demonstrating an actual injury or an untrue statement, both essential elements of a defamation claim. The Court concludes that Plaintiff failed to state a claim for which relief can be granted as to the claim of defamation or slander.

**V. State law claim of breach of contract**

The Complaint alleges that UNM breached "the terms" of Plaintiff's employment contract. (Complaint at ¶ 66.) Magistrate Judge Scott found that Plaintiff's allegations and

exhibits conclusively demonstrate that she was terminated during the six-month probationary period, in accordance with UNM's handbook policy, portions of which Plaintiff attached to the Complaint.[5] Thus, Judge Scott determined that Plaintiff's breach of contract claim was subject to dismissal for failure to state a claim. (Order to Show Cause at 7.)

Plaintiff summarily argues that UNM breached an implied covenant of good faith and fair dealing by terminating her for having filed a claim of discrimination. (Response at 6.) A claim of breach of an implied covenant of good faith and fair dealing "requires that neither party do anything that will injure the rights of the other to receive the benefit of their agreement." *Bourgeous v. Horizon Healthcare Corp.*, 117 N.M. 434, 438 (1994). The concept was developed "in contract law as a kind of safety valve to which judges may turn to fill gaps and qualify or limit rights and duties otherwise arising under rules of law and specific contract language," and is a legally different concept than a claim of breach of the express terms of a contract. *Id.* at 438-39 (recognizing the claim but noting that New Mexico will not "apply an implied covenant of good faith and fair dealing to override express provisions addressed by the terms of an integrated written contract") (internal quotation marks omitted). Further, New Mexico has "refused to apply this implied covenant to override an express at-will termination provision in an integrated, written contract." *Kropinak v. ARA Health Serv., Inc.*, 131 N.M. 128, 129 (Ct. App. 2001). The Court concludes that Plaintiff's argument does not cure the defects in her Complaint and that she failed to state a claim for which relief can be granted as to the claim of breach of contract.

[5]Again, the Court is permitted to consider exhibits attached to a Complaint or pleading under Rule 12(b)(6). *See, e.g.*, *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir.1991) (citing Fed. R. Civ. P. 10(c)). (written document attached to the complaint as an exhibit is considered part of the complaint and may be considered in a Rule 12(b)(6) dismissal.)

**VI. State law claim of negligent hiring and supervision**

Magistrate Judge Scott found that Plaintiff's allegations in support of her claim for negligent hiring and supervision were conclusory and insufficient to state a claim for relief. (Order to Show Cause at 8.) Plaintiff summarily argues that Ramos is unfit to supervise EEO because Ramos allegedly has only a high school diploma. (Response at 7.) Even if true, such allegations are insufficient to state a claim for negligent hiring and supervision. As Magistrate Judge Scott noted, under New Mexico law, a plaintiff must allege facts to show that "the employee was unfit, considering the nature of the employment and the risk [s]he posed to those with whom [s]he would foreseeably associate, and that the employer knew or should have known that the employee was unfit." *Valdez v. Warner*, 106 N.M. 305, 307 (Ct. App. 1987) (citations omitted), *cert. quashed by Z & E, Inc. v. Valdez*, 106 N.M. 353 (N.M. Sep 15, 1987). Plaintiff alleged no facts to show that officials at UNM knew or should have known that Ramos had a predisposition to, or would, discriminate against a minority or that she allegedly discriminated against Plaintiff. The Court concludes that Plaintiff fails to state a claim for which relief can be granted as to the claim of negligent hiring and supervision.

**VII. State law claims of intentional and negligent infliction of emotional distress**

Magistrate Judge Scott concluded that Plaintiff's allegations of intentional infliction of emotional distress ("IIED") "do not demonstrate behavior that is extreme and outrageous," and that a cause of action for negligent infliction of emotional distress ("NIED") is recognized "only in very limited circumstances such as where a bystander witnesses an accident involving a close family member and suffers severe emotional distress." *See, e.g., Trujillo v. N. Rio Arriba Elec. Co-op, Inc.*, 131 N.M. 607, 616 (2001) (required element of IIED is extreme and outrageous

conduct); *Folz v. State*, 110 N.M. 457, 468-71 (1990) (noting limited circumstances where NIED claim may survive). (Order to Show Cause at 8-9.) With respect to the Complaint, Plaintiff did not make allegations that could satisfy the requirements of either claim of infliction of emotional distress. (*See id.*)

Plaintiff states that she will voluntarily withdraw her claim of NIED, but declines to dismiss her claim of IIED based on her position that she has "medical evidence of her emotional suffering." (Response at 7.) While evidence of emotional distress may be relevant to an amount of damages the Plaintiff seeks, those allegations or evidence are insufficient to satisfy the required elements of IIED, particularly where there are no allegations of a defendant's extreme and outrageous behavior. The Court concludes that Plaintiff failed to state a claim for which relief can be granted as to the claims of negligent or intentional infliction of emotional distress.

**Motion for Appointment of Counsel**

Plaintiff's request for appointment of counsel states she is unable to litigate this matter on her own because of complex legal issues and that due to her "poverty," she is unable to pay a reasonable attorney fee. (Doc. No. 3.) In addition, Plaintiff notes that she made "diligent attempts" to locate legal counsel but was unable to secure counsel because of financial circumstances. (*Id.*)

Factors the Court weighs when considering a motion for appointment of counsel include "'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present [her] claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (*quoting Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). In considering Plaintiff's request for appointment of

counsel, the Court carefully reviewed all of the pleadings and exhibits filed in this proceeding, including the Complaint alleging employment and race discrimination.

Having reviewed the pleadings and law in light of the above-mentioned factors, the Court finds that Plaintiff understands the issues in the case and appears to be representing herself in an intelligent and capable manner. Moreover, the claims presented by Plaintiff are neither complex nor novel. The Court routinely addresses claims and legal issues similar to those raised by Plaintiff in this proceeding. Having found no grounds to support appointment of counsel, the Court will deny the motion.

**Conclusion**

Judge Scott's instructions were clear as recognized by Plaintiff in her response: if Plaintiff failed to voluntarily dismiss the deficient claims and file an amended complaint, her case could be dismissed in its entirety. (Order to Show Cause at 10; Response at 1.) Judge Scott did, however, allow certain claims to proceed, although the Court envisioned an amended complaint setting out the claims that Plaintiff was not required to address in her response, *i.e.*, the Title VII claim of race discrimination (Complaint, Count 2), a claim of blacklisting (Complaint at ¶ 55), and claims of discrimination and retaliation under 42 U.S.C. §§ 1981 and 1983, and presumably any other claim that would survive scrutiny under 28 U.S.C. § 1915(e). (Order to Show Cause at 9.)

Although Judge Scott permitted certain claims to proceed, the Court is not convinced that New Mexico recognizes a private cause of action of blacklisting or that Plaintiff set out sufficient allegations to support such a claim. Thus, she is forewarned that any such claim brought in an amended complaint may be subject to dismissal for failure to state a claim.

Plaintiff could voluntarily dismiss the enumerated claims discussed above and proceed with the same Complaint, including those claims that Judge Scott did not require her to address. However, the Court prefers and will require that Plaintiff file an amended complaint, provided she can do so within the strictures of Fed. R. Civ. P. 11(b). Rule 11(b) provides that by presenting a pleading to the court, an unrepresented party such as Plaintiff, certifies to the best of her knowledge and belief, "formed after an inquiry reasonable under the circumstances," that her claims are "warranted by existing law or by nonfrivolous argument for extending, modifying, or reversing existing law . . . ." Fed. R. Civ. P. 11(b)(2). In addition, Rule 11 requires that factual contentions have evidentiary support. Fed. R. Civ. P. 11(b)(3). Failure to abide by the requirements of Rule 11 may subject a party to sanctions, including monetary or nonmonetary directives. Fed. R. Civ. P. 11(c).

Thus, while the Court will permit Plaintiff to file an amended complaint, she must do so consistent with Rule 11 and pleading standards. Not only could Plaintiff subject herself to sanctions if she fails to comply with Rule 11 directives, the Court will again review the amended complaint under 28 U.S.C. § 1915(e) to determine if the allegations in the amended complaint state valid claims. In other words, the Court will dismiss claims that are frivolous or malicious, fail to state a claim, or seek monetary relief against a defendant entitled to immunity. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff should not construe this Order to suggest that she file a longer complaint with more allegations. Plaintiff should select and proceed with her strongest claims rather than include every possible claim. Complaints that throw in everything but the "kitchen sink" typically do not survive. *See Pola v. Utah*, 458 F. App'x 760, 762 (10th Cir. Feb. 1, 2012)

(affirming dismissal of complaint where the district court found the plaintiff's 145-page complaint with multiple exhibits was "incoherent, rambling, and include[d] everything but the kitchen sink"). *See also D.J. Young Pub. Co., LLC ex rel. Young v. Unified Government of Wyandotte County*, 2012 WL 4211669, at *3 (D. Kan. Sept. 18, 2012) (unpublished) (district court "had repeatedly criticized the filing of 'kitchen-sink' or 'shotgun' complaints -- complaints in which a plaintiff brings every conceivable claim against every conceivable defendant. Such complaints are pernicious for many reasons.")

The Court, therefore, concludes that Plaintiff's Complaint (Doc. No. 1) will be dismissed without prejudice to allow her to file an amended complaint, provided she can do so consistent with the above-stated analysis, rules and pleading standards. The amended complaint must be filed no later than December 10, 2013. Failure to meet that deadline may result in dismissal of Plaintiff's lawsuit with prejudice.

**IT IS THEREFORE ORDERED** that:

(1) the COMPLAINT (Doc. No. 1) is DISMISSED without prejudice;

(2) Plaintiff may file an amended complaint by December 10, 2013 in order to proceed with this litigation, but failure to do so may result in dismissal of the entire lawsuit with prejudice;

(3) Plaintiff's MOTION FOR APPOINTMENT OF COUNSEL (Doc. No. 3) is DENIED; and

(4) Plaintiff's MOTION FOR LEAVE TO AMEND MOTION TO PROCEED INFORMA PAUPRIS [sic] (Doc. No. 7) is DENIED as moot.

SENIOR UNITED STATES DISTRICT JUDGE