IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRENDA TAITE,

    Plaintiff,

v.                                                                                                                    Civ. No. 13-792 JP/RHS

UNIVERSITY OF NEW MEXICO;
UNIVERSITY OF NEW MEXICO OFFICE
OF EQUAL OPPORTUNITY;
THERESA RAMOS, individually and in her
official capacity; and UNIVERSITY OF
NEW MEXICO BOARD OF REGENTS,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On December 2, 2013, Plaintiff Brenda Taite filed an AMENDED COMPLAINT against Defendants. (Doc. No. 10) (Amended Complaint). On December 9, 2013, the Court entered an ORDER FOR PERSONAL SERVICE OF PROCESS. (Doc. No. 11.) On December 13, 2013, the Amended Complaint and Summons were served on Defendants. (Doc. Nos. 13, 14, 15, 16; *see also* Doc. No. 20.) Defendants' deadline to file an Answer to the Amended Complaint was January 3, 2014. Defendants did not file their Answer by the deadline. (Doc. No. 20, ¶ 3.)

On January 10, 2014, Plaintiff filed a MOTION FOR DEFAULT JUDGMENT, seeking entry of judgment by default against Defendant Theresa Ramos (Doc. No. 17) and a separate MOTION FOR ENTRY OF A DEFAULT JUDGMENT, seeking entry of judgment by default against Defendant University of New Mexico Office of Equal Opportunity (Doc. No. 18) (January 10 Motions). In support of the January 10 Motions, Plaintiff relied on "the record in

1

this case and the affidavit submitted herein." There was no record of receipt of the affidavit by the Office of the Clerk, and it was not filed on January 10, 2014.

On January 15, 2014, Plaintiff again submitted the same MOTION FOR DEFAULT JUDGMENT as to Defendant Ramos and the same MOTION FOR ENTRY OF A DEFAULT JUDGMENT as to Defendant University of New Mexico Office of Equal Opportunity. (Doc. Nos. 25, 26) On January 15, 2014, Plaintiff also filed a MOTION FOR ENTRY OF A DEFAULT JUDGMENT as to Defendant University of New Mexico and a MOTION FOR ENTRY OF A DEFAULT JUDGMENT as to Defendant University of New Mexico Board of Regents. (Doc. Nos. 27, 28) (January 15 Motions). Plaintiff again referred to an affidavit in support of these January 15 Motions.

At some point, it appears that Plaintiff was asked to send the affidavit or materials that the Clerk of the Court did not initially find. On January 15, 2014, Plaintiff's AFFIDAVIT IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT was filed. (Doc. No. 29) (Affidavit). The Affidavit states, in part, that all Defendants had failed to answer the Amended Complaint by the January 3, 2014 deadline and that Defendants were in default. Plaintiff's Affidavit requested that the Clerk of the Court enter default against Defendants. (*Id.* at 2.) The Clerk of the Court did not file an Entry of Default against Defendants.

About an hour after Plaintiff's January 10 Motions were entered on the docket, Defendants filed a MOTION FOR EXTENSION OF TIME TO FILE ANSWER. (Doc. No. 20) (Motion for Extension). The Motion for Extension conceded that Defendants missed their deadline of January 3, 2014, but argued good cause existed to allow an extension after the time for answering had expired because of excusable neglect. (*Id.*, ¶ 4) (*citing* Fed. R. Civ. P. 6(b)(1)(B)).

In the Motion for Extension, Defendants explained at length the reason for their failure to meet the deadline to file their answer.  Defendants argued that allowing an extension would not prejudice the opposing party at this early date, that the short delay would not impact judicial proceedings, that the reason for the delay was outside the reasonable control of Defendants due to the need to obtain a third-party's (Risk Management) participation in a lawsuit brought against the University of New Mexico, that defense counsel made timely and reasonable efforts to involve Risk Management but did not hear back from the third-party agency by the deadline, and that Defendants acted in good faith at all times in timely tendering the lawsuit to Risk Management on the same day it was served.  (*Id.* at 2-5.)  Defendants attached an affidavit of Kevin Gick, Assistant University Counsel for the University of New Mexico, in support of the Motion for Extension.  (*Id.*, Ex. 1.)

The Motion for Extension also recites that defense counsel made "repeated reasonable attempts to contact Plaintiff for her concurrence in this motion without response."  (*Id.* at 5.)

On January 13, 2014, between the filing of Plaintiff's January 10 and January 15 Motions, United States Magistrate Judge Robert H. Scott entered a "text-only" Order granting Defendants' Motion for Extension and allowed Defendants until January 16, 2014 to file an answer. (Doc. No. 21.)  On January 13, 2014, an ANSWER BY DEFENDANTS UNIVERSITY OF NEW MEXICO, THE UNIVERSITY OF NEW MEXICO OFFICE OF EQUAL OPPORTUNITY, THERESA RAMOS, AND THE UNIVERSITY OF NEW MEXICO BOARD OF REGENTS was filed.  (Doc. No. 22.)  On January 16, 2014, an AMENDED ANSWER BY DEFENDANTS UNIVERSITY OF NEW MEXICO, THE UNIVERSITY OF NEW MEXICO OFFICE OF EQUAL OPPORTUNITY, THERESA RAMOS, AND THE UNIVERSITY OF NEW MEXICO BOARD OF REGENTS was filed.  (Doc. No. 24.)

Because Defendants were allowed an extension to file the Amended Answer and because Defendants met the extended deadline, the Court determines that Plaintiff's January 10 and January 15 Motions against Defendants (Doc. Nos. 17, 18, 25, 26, 27, 28) will be denied as moot.

On January 29, 2014, Defendants filed a MOTION TO STRIKE PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT (Doc. No. 30) (Motion to Strike), on the grounds that Defendants filed their Amended Answer by the extended deadline. There is no need for a response to the Motion to Strike. Because the Court determines that Plaintiff's January 10 and January 15 Motions will be denied as moot, the Court similarly finds Defendants' Motion to Strike as moot and will deny it.

## Discussion

Rule 55 of the Federal Rules of Civil Procedure provides that the Clerk of the Court must enter a party's default when the party against whom a judgment is sought fails to plead or otherwise defend, and that failure is shown by affidavit. Fed. R. Civ. P. 55(a). Rule 55(b) further addresses entry of a default judgment by either the Clerk of the Court or by the Court:

>  (1)   **By the Clerk**.  If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk -- on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted . . . .
>
>  (2)   **By the Court**.  In all other cases, the party must apply to the court for a default judgment.

Fed. R. Civ. P. 55(b) (emphasis in original).

In *Rowley v. Morant,* 276 F.R.D. 669, 670 (D.N.M. 2011), the District of New Mexico Court explained:

> "Rule 55 mandates a two-step process for a party who seeks a default judgment in his favor."  *Williams v. Smithson*, 57 F.3d 1081 (10th Cir.1995) (unpublished table decision). "First, the party wishing to obtain a default judgment must apprise the court that the opposing party has failed to plead or otherwise defend by requesting 'by affidavit or otherwise' that the clerk enter default on the docket." *Id*. (*quoting* Fed. R. Civ. P. 55(a)). "Second, following an entry of default by the clerk, 'the party entitled to a judgment by default shall apply to the court therefor.' " *Id*. (*quoting* Fed. R. Civ. P. 55(b)(2)).

The District Court further observed that the "clear weight of authority holds that a party *must* seek entry of default by the clerk before it can move the court for default judgment." *Id.* (emphasis in original) (citation omitted). Thus, before a Court can enter default judgment, a "default" under Rule 55(a) must first have been entered by the Clerk of the Court.

Some of Plaintiff's January 10 and January 15 Motions requested entry of default, presumably under Rule 55(a), and some asked for entry of default judgment by the Court. However, it makes little difference as no entry of default was entered against any Defendant. In addition, default judgments are disfavored by the courts. *Polaski v. Colorado Dep't of Transp.*, 198 F. App'x 684, 685 (10th Cir. Aug. 2, 2006) (unpublished). This is primarily true because courts prefer to decide cases on their merits. *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970).

Defendants missed the initial deadline to file their answer but promptly requested and received an extension to submit an answer. Defendants established good cause for their failure to file a responsive pleading by the initial deadline. (Doc. No. 30). Moreover, Defendants met the extended deadline by timely submitting their Amended Answer. "[C]ourts have consistently held that an honest mistake by the Defendant does not represent a willful failure to respond." *Zen & Art of Clients Server Computing, Inc. v. Res. Support Assocs.*, Inc., 2006 WL 1883173, at *2 (D. Colo. July 7, 2006) (unpublished).

The Court finds no grounds to enter default judgment against the Defendants. Therefore, Plaintiffs' January 10 and January 15, 2014 Motions will be denied as moot. In addition, Defendants' Motion to Strike Plaintiff's motions for default judgment and motions for entry of default will be denied as moot.

IT IS THEREFORE ORDERED that:

(1) Plaintiff's MOTION FOR DEFAULT JUDGMENT (Doc. No. 17) is DENIED as moot;

(2) Plaintiff's MOTION FOR ENTRY OF A DEFAULT JUDGMENT (Doc. No. 18) is DENIED as moot;

(3) Plaintiff's MOTION FOR DEFAULT JUDGMENT (Doc. No. 25) is DENIED as moot;

(4) Plaintiff's MOTION FOR ENTRY OF A DEFAULT JUDGMENT (Doc. No. 26) is DENIED as moot;

(5) Plaintiff's MOTION FOR ENTRY OF A DEFAULT JUDGMENT (Doc. No. 27) is DENIED as moot;

(6) Plaintiff's MOTION FOR ENTRY OF A DEFAULT JUDGMENT (Doc. No. 28) is DENIED as moot; and

(7) Defendants' MOTION TO STRIKE PLIANTIFF'S MOTIONS FOR DEFAULT JUDGMENT (Doc. No. 30) is DENIED as moot.

SENIOR UNITED STATES DISTRICT JUDGE