**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**BRENDA TAITE,**

    **Plaintiff,**

**v.**                                                                                           **No. 13-cv-0792 JAP/SMV**

**UNIVERSITY OF NEW MEXICO**
**BOARD OF REGENTS, and**
**THERESA RAMOS,**

    **Defendants.[1]**

### ORDER DENYING THERESA RAMOS'S MOTION TO EXTEND DISCOVERY AND DISPOSITIVE MOTIONS DEADLINES

THIS MATTER is before the Court on Defendant Theresa Ramos's Motion to Extend Discovery and Dispositive Motions Deadlines [Doc. 69] (the "Motion"), filed on December 11, 2011. On December 18, 2014, Plaintiff filed an "Objection" to the Motion, [Doc. 74], which the Court construes as a response (the "Response"). No reply was filed. Having reviewed the parties' submissions and the relevant law, and being otherwise fully advised in the premises, the Court finds that the Motion is not well-taken and shall be **DENIED**.

### BACKGROUND

Plaintiff initially filed her Complaint on August 23, 2013. [Doc. 1]. She subsequently filed an Amended Complaint on December 2, 2013. [Doc. 10]. Defendants filed their consolidated Answer on January 13, 2014. [Doc. 22]. The Honorable Robert Hayes Scott, United States Magistrate Judge, entered an Initial Scheduling Order ("ISO") on March 13, 2014.

---

[1] Plaintiff's claims against the University of New Mexico and New Mexico Office of Equal Opportunity were dismissed on April 10, 2014. *See* [Doc. 40]. Thus, the only remaining defendants are Defendant Theresa Ramos and Defendant University of New Mexico Board of Regents.

[Doc. 32]. In accordance with the ISO, the parties held their meet-and-confer session on March 17, 2014. *See* Joint Status Report ("JSR") [Doc. 34] at 1. In the JSR, the parties indicated that "[d]iscovery will be needed on the following subjects: The facts alleged in plaintiff's Complaint and facts giving rise to plaintiff's damages, if any." *Id*. at 10–11.

On March 31, 2014, Judge Scott issued a Rule 16 Scheduling Order (the "Scheduling Order"). [Doc. 37]. The Scheduling Order provided that all discovery be completed no later than September 29, 2014. *Id*. at 1. Specifically, the Scheduling Order stated, "The termination date for discovery is September 29, 2014, and discovery shall not be reopened, nor shall case management deadlines be modified, except by an order of the Court *upon a showing of good cause*." *Id*. (emphasis added).

On August 19, 2014, the parties filed a Joint Motion to Extend Discovery Deadlines by Thirty (30) Days. [Doc. 43]. The grounds for the motion were that "[t]he parties need[ed] additional time to evaluate the discovery exchanged to date, and to take necessary depositions." *Id*. at 1. The motion requested that the discovery deadline be extended through October 29, 2014, but "that all other dates set for this case remain the same, including the pretrial conference and trial dates." *Id*. Judge Scott granted the motion and extended the discovery deadline through October 29, 2014. [Doc. 44].

On August 27, 2014, Plaintiff filed a Motion to Compel Responsive Answers to Interrogatories and [Requests for] Production. [Doc. 45]. On September 11, 2014, Defendant Ramos filed a Motion for Summary Judgment Based on Qualified Immunity. [Doc. 47.] That same day, Defendants also filed a Response to Plaintiff's Motion to Compel. [Doc. 48]. In that Response, Defendants asked the Court to stay discovery in light of Defendant Ramos's Motion

for Summary Judgment Based on Qualified Immunity. *Id*. at 2. On September 23, 2014, Judge Scott entered an order staying discovery and denying Plaintiff's Motion to Compel without prejudice. [Doc. 54]. Thus, between the entry of the Scheduling Order on March 31, 2014, and entry of the Order Staying Discovery on September 23, 2014, the parties had 176 days to conduct whatever discovery they deemed necessary.[2]

The Honorable James A. Parker, Senior United States District Judge, granted in part Defendant's Motion for Summary Judgment Based on Qualified Immunity on November 21, 2014. [Doc. 64]. On December 11, 2014, Defendant Ramos filed the instant Motion asking the Court to extend the discovery deadline 30 days from entry of the order granting the Motion, to set the dispositive motions deadline 30 days after the expiration of discovery, and to adjust the remaining deadlines in the Scheduling Order accordingly. [Doc. 69] at 3.

## ANALYSIS

A party seeking to modify a scheduling order must, under Rule 16 of the Federal Rules of Civil Procedure, make a showing of good cause. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *see also Gorsuch, Ltd., B.C.* v. *Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). For example, "Rule 16's good cause requirement may be satisfied . . . if a plaintiff learns new information through discovery or if the underlying law has changed." *Id*. Broadly speaking, the moving party must show that the "scheduling deadlines cannot be met despite the movant's diligent efforts." *Id*.

---

[2] That is assuming that the parties could not conduct any formal discover until after the Scheduling Order was entered. However, Local Rule 26.4(a) states, "A party may not seek discovery under these rules or the Federal Rules of Civil Procedure before the parties have [held their meet-and-confer session] except by agreement of all parties or by Court order." D.N.M.LR-Civ. 26.3(a). Thus, if the parties had begun formal discovery immediately after their meet-and-confer session on March 17, 2014, they would have had 190 days to complete discovery before Judge Scott entered his Order Staying Discovery on September 23, 2014.

The Tenth Circuit has identified several factors relevant to a district court's discretionary decision to reopen discovery. These include:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*SIL-FLO, Inc.* v. *SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir. 1990) (citing *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987)).

In reviewing and balancing the *Smith* factors, the Court makes the following findings.

The first factor weighs in favor of discovery being reopened because trial has not been set. However, that is the only factor that weighs in favor of granting the Motion.

The second factor weighs against Defendant Ramos because the Motion is opposed. The third factor slightly weighs against Defendant Ramos because Plaintiff would be prejudiced to the extent that additional discovery would be costly and could potentially delay a trial. The fifth factor also weighs against Defendant Ramos because the original Scheduling Order, as amended, gave the parties ample time for discovery. The sixth factor neither weighs in favor of reopening discovery or against it. Defendant Ramos has made no effort to explain how allowing additional discovery—that is, additional in the sense of "beyond the parties' Initial Disclosures"—would likely lead to relevant evidence not already known to the parties.

Finally, the fourth factor weighs very heavily against Defendant Ramos because she has made no effort to show that she diligently used the time previously allotted for discovery. *See Pulsecard*, *Inc.*, v. *Discover Card Servs., Inc.*, 168 F.R.D. 295, 301 (D. Kan. 1996) ("The good cause standard primarily considers the diligence of the party . . . . The party seeking an extension

4

must show that despite due diligence it could not have reasonably met the scheduled deadlines.") (internal quotation marks omitted). As mentioned, Defendant Ramos had at least 176 days, and arguably 190 days, to conduct discovery. According to Plaintiff, Defendant Ramos "ha[s] chosen not to exchange any documents with the Plaintiff[3] or propound interrogatories, request for the production of documents, or depositions." [Doc. 74] at 2. The Court takes this uncontroverted statement to mean that Defendant Ramos has conducted no discovery whatsoever. Nor, apparently, has Defendant Ramos responded to any of Plaintiff's discovery. *See id*.

Thus, it appears that Defendant Ramos has taken a "wait and see" approach, hoping that the granting of one of her dispositive motions, [Docs. 42 and 47], would relieve her of the entire burden of participating in discovery. Now that her motions have been denied (at least in part), she stands ready to conduct some discovery. There are at least two problems with that approach. First, it simply ignores the Scheduling Order. Second, if the courts were to sanction such conduct, a party could postpone discovery indefinitely merely by filing a series of dispositive motions. Of course, a party is under no obligation to initiate any discovery. It may decide that its time and efforts would be better spent pursuing dispositive motions. But that is not to say that a party may have its cake and eat it too. A party may not, absent an order staying discovery, hold off on serving discovery, file one or more dispositive motions, wait until those motions are decided, and then petition the court for more time to conduct discovery. To allow that would run contrary to Rule 1's admonition that the Federal Rules of Civil Procedure "should be construed

---

[3] The Court assumes this to mean, "beyond those documents Defendants produced pursuant to their Rule 26(a)(1)(A) Initial Disclosures." Although there is no certificate of service in the docket reflecting that Defendants served their Initial Disclosures, the Court assumes Defendants complied with that portion of the ISO which required them to make such Disclosures within 14 days of the meet-and-confer session. *See* [Doc. 32] at 2.

and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.  "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." *Street v. Curry Bd. of Cnty. Comm'rs*, No. CIV 06-0776 JB/KBM, 2008 WL 2397671, at *6 (D.N.M. Jan 30, 2008).  Defendant Ramos has failed to show that she made diligent efforts—or any effort, really—to comply with the Scheduling Order, as amended. Thus, she has failed to establish good cause as to why the Scheduling Order should again be amended.

## CONCLUSION

Defendant Ramos has failed to show good cause why the Court should amend the Scheduling Order to allow more time for discovery and to file dispositive motions.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant Theresa Ramos's Motion to Extend Discovery and Dispositive Motions Deadlines [Doc. 69] is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff may re-file her Motion to Compel [Doc. 45] if she chooses to do so.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**