IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRENDA TAITE,

        Plaintiff,

v.                                                                     No. CIV 13-792 JAP/SMV

THERESA RAMOS, individually and in
her official capacity, and UNIVERSITY OF
NEW MEXICO BOARD OF REGENTS,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

      From early in this litigation, the Court has struggled to discern the exact claims Plaintiff pursues and the specific claims for which Defendants seek dismissal. Plaintiff has filed two complaints, one at the Court's behest in an attempt to better understand Plaintiff's claims. *See* Memorandum Opinion and Order (Doc. No. 9). Defendants have submitted several rounds of briefing seeking dismissal of various claims and the Court has issued two opinions granting in part and denying in part Defendants' motions. Defendant Theresa Ramos filed an interlocutory appeal as to one of the Court's rulings, and on July 8, 2015, the Tenth Circuit Court of Appeals required the parties to further examine and explain their positions concerning one of Plaintiff's claims.[1] In order to comply with the Tenth Circuit Court's directive and to clarify the status of this litigation, the Court will require Plaintiff to file a Second Amended Complaint as described below.

---

[1] The mandate issued on July 30, 2015. Doc. No. 88.

The Second Amended Complaint must separately identify each and every claim that Plaintiff seeks to pursue provided the Court has not already dismissed that claim. Each claim in the Second Amended Complaint must be numbered sequentially. For example, to the extent the Court has not already dismissed a claim, a Title VII **discrimination** claim against Ms. Ramos in her official capacity would be identified, by number, as a single claim, and a Title VII **retaliation** claim against Ms. Ramos in her official capacity would be identified, by different number, as a separate claim.

If, through future motion practice, Defendants seek dismissal of a claim in the Second Amended Complaint, Defendants must identify that claim by the number assigned to that claim in the Second Amended Complaint. In other words, if Plaintiff has not identified a specific claim by number in the Second Amended Complaint, Defendants should not request dismissal of a claim that Plaintiff did not identify as a separately numbered claim. In order to assist with future pleading and motion practice, the Court summarizes below some of the pertinent pleadings and rulings.

**December 2, 2014 Amended Complaint** Doc. No. 10

On December 2, 2013, Plaintiff filed an Amended Complaint. Doc. No. 10. The Amended Complaint identifies three causes of action: Title VII Race Discrimination (Count 1), Title VII Retaliation (Count 2), and Race Discrimination and Retaliation in violation of 42 U.S.C. §§ 1981 and 1983 (Count 3). Doc. No. 10 at 7–9. The Amended Complaint also asserts an unnumbered claim that Plaintiff's privacy rights under the Health Insurance and Accountability Act (HIPAA) were violated. *Id.* at 9. Although Plaintiff did not expressly identify additional claims, the parties have discussed other possible claims in motion practice. *See* discussion *infra*.

**September 25, 2014 Memorandum Opinion and Order** Doc. No. 57

On August 14, 2014, Defendants Theresa Ramos (Ms. Ramos) and University of New Mexico Board of Regents (UNM) filed a Motion to Dismiss seeking dismissal of Plaintiff's official capacity claims against Ms. Ramos and all claims against UNM based on Eleventh Amendment immunity. Doc. No. 42. On September 25, 2014, the Court issued a Memorandum Opinion and Order granting in part and denying in part Defendants' Motion to Dismiss. Doc. No. 57. Based on the parties' arguments and Plaintiff's Amended Complaint, the Court observed that Plaintiff may have asserted claims under the New Mexico Human Rights Act (NMHRA) and the Fourteenth Amendment, as well as a claim for injunctive relief. *Id.* at 3.

The Court allowed the following claims to proceed: (1) Title VII claims of race discrimination and retaliation against UNM and Ms. Ramos in her official capacity; (2) race discrimination and retaliation claims under the NMHRA against UNM and Ms. Ramos in her official and individual capacities (provided that Plaintiff intended to bring claims under the NMHRA); and (3) 42 U.S.C. §§ 1981 and 1983 claims against Ms. Ramos in her individual capacity. *Id.* at 10.

The Court dismissed the following claims with prejudice: (1) Title VII claims of race discrimination and retaliation against Ms. Ramos in her individual capacity; (2) HIPAA privacy claim against UNM and Ms. Ramos in her individual and official capacities; and (3) prospective injunctive relief claim against UNM and Ms. Ramos in her individual and official capacities. *Id.* at 10–11.

The Court dismissed the following claims without prejudice: (1) Fourteenth Amendment claim against UNM and Ms. Ramos in her individual and official capacities; and (2) §§ 1981 and 1983 claims against Ms. Ramos in her official capacity. *Id.*

**November 21, 2014 Memorandum Opinion and Order** Doc. No. 64

Ms. Ramos subsequently filed a Motion for Summary Judgment requesting dismissal of Plaintiff's §§ 1981 and 1983 claims against her based on a defense of qualified immunity. Although Ms. Ramos acknowledged in briefing a possible claim of hostile work environment, Doc. No. 64 at 3 n.4, the Court declined to make any determination on a hostile work environment claim. The Court noted that Ms. Ramos' Motion for Summary Judgment appeared to seek dismissal of two claims that Plaintiff did not explicitly raise in her Amended Complaint: (1) Fourteenth Amendment violations in relation to a property interest of continued employment; and (2) Fourteenth Amendment violations of Plaintiff's equal protection rights. *Id.* at 3. The Court disregarded Ms. Ramos' arguments concerning claims that Plaintiff did not assert in the Amended Complaint. *Id.* at 4, 21.

In evaluating the §§ 1981 and 1983 race discrimination claims against Ms. Ramos in her individual capacity, the Court denied summary judgment based on a finding that genuine disputes of material fact existed. However, the Court granted Ms. Ramos' request for qualified immunity or summary judgment as to the §§ 1981 and 1983 retaliation claims asserted against her in her individual capacity and dismissed those claims with prejudice.

**Tenth Circuit Court of Appeals' Decision on Defendant Ramos' Appeal of Denial of Summary Judgment** Doc. No. 88-1

Ms. Ramos appealed this Court's denial of summary judgment as to Plaintiff's §§ 1981 and 1983 race discrimination claims. Doc. No. 70. The Tenth Circuit Court determined that it lacked jurisdiction over the interlocutory appeal to review this Court's decision denying summary judgment to Ms. Ramos on the § 1981 claim. July 8, 2015 Order and Judgment at 1, 3 (Doc. No. 88–1). However, the Tenth Circuit Court reversed and remanded for further proceedings as to the § 1983 claim. The Tenth Circuit Court observed that Plaintiff's § 1983

claim was based on a constitutional violation and was independent from Title VII but that "neither the court nor the parties have been afforded an opportunity to examine the issue and explain their respective positions concerning the court's characterization of the § 1983 claim under principles announced in *Notari [v. Denver Water Dep't*, 971 F.2d 585 (10th Cir. 1992)] and *Polson [v. Davis*, 895 F.2d 705 (10th Cir. 1990)]." *Id.* at 5–6.[2] The Tenth Circuit Court did not direct this Court to enter judgment for Ms. Ramos on the § 1983 race discrimination claim but instead indicated that additional briefing might be appropriate on remand.

### Second Amended Complaint

As noted *supra*, this Court finds that the best way to advance this litigation and to comply with the Tenth Circuit Court's Order is to require Plaintiff to file a Second Amended Complaint. Defendants will then have another opportunity in motion practice to address clearly identified claims. Should Defendants seek dismissal of all of Plaintiff's claims, the Court encourages Defendants to file a single comprehensive motion, particularly where Defendants rely on the same or similar evidence to support dismissal of multiple claims.

Based on this Court's rulings and the Tenth Circuit Court's July 8, 2015 Order, Plaintiff's remaining claims seem to be:

(1) Title VII race discrimination claim against UNM;

(2) Title VII race discrimination claim against Ms. Ramos in her official capacity;

(3) Title VII retaliation claim against UNM;

(4) Title VII retaliation claim against Ms. Ramos in her official capacity;

---

[2] This Court was not convinced that Plaintiff intended to pursue an equal protection claim under the Fourteenth Amendment since the Amended Complaint made no reference to equal protection violations. *See* Amended Complaint. The Tenth Circuit Court was persuaded otherwise based on its reading of the Amended Complaint when viewed alongside Plaintiff's argument in briefing. Doc. No. 88–1 at 4–5. However, additional discussion in the opinion might be viewed as an indication that the Tenth Circuit Court was leaning towards finding in Ms. Ramos' favor on a § 1983 Fourteenth Amendment claim. *See id.* at 6.

5

(5) 42 U.S.C. § 1981 race discrimination claim against Ms. Ramos in her individual capacity; and

(6) 42 U.S.C. § 1983 race discrimination claim against Ms. Ramos in her individual capacity (as premised on Title VII or on a constitutional right).

The Court observes that Plaintiff's Title VII claims of race discrimination and retaliation against both UNM and Ms. Ramos in her official capacity are redundant. "An official capacity suit does not provide an avenue of relief against the individual, … but operates as an alternative means of naming the individual's employer." *Redpath v. City of Overland Park*, 857 F. Supp. 1448, 1456 (D. Kan. 1994) (citations omitted). "Any relief afforded to plaintiffs through an 'official capacity' suit will be at the expense of the employer, not the individual." *Id. See also Bushy Med. Ctr. of the Rockies*, 2014 WL 4627277, at * 1–2 (D. Colo. Sept. 16, 2014). Therefore, Plaintiff should consider dropping the Title VII official capacity claims against Ms. Ramos as they would be subject to dismissal upon a proper motion by Defendants.

Once Plaintiff files a Second Amended Complaint and Defendants file an appropriate responsive pleading, the parties should confer with United States Magistrate Judge Stephan M. Vidmar to determine if new discovery deadlines are necessary or supported and also whether a settlement conference might be fruitful.

IT IS THEREFORE ORDERED that:

(1) Plaintiff's Amended Complaint (Doc. No. 10) is DISMISSED without prejudice; and

(2) Plaintiff must file a Second Amended Complaint as described herein by August 12, 2015, if she wishes to pursue this litigation.

_____
SENIOR UNITED STATES DISTRICT JUDGE